¶ 58 I concur in the majority's analysis and disposition of appellants' second assignment of error. However, I respectfully dissent from the majority's analysis and disposition of appellants' first assignment of error.
 {¶ 59} Based upon the deposition testimony of Dr. Erwin, as recited in the majority opinion, I concur in my colleagues' conclusion there is a distinction between a primary care physician and an urgent care physician.[7] I further acknowledge there is a difference between the two in their respective relationships to their patient, and the fact an urgent or stat care setting is a unique type of setting different from an orthopedic or oncology practice setting.
 {¶ 60} Nevertheless, where fields of medicine overlap and more than one type of specialist may perform the treatment, a witness may qualify as an expert even though he does not practice the same speciality as the defendant. Alexander v. Mt. Carmel Ctr. (1978), 56 Ohio St.2d 155,158.
 {¶ 61} Dr. Erwin notes the main difference between a primary care physician and an urgent care physician is that the former enjoys an ongoing relationship with the patient, while the later only has an episodic care relationship to the patient. While true, a primary care physician also renders episodic care treatment to patients. Likewise, just as an urgent care physician commonly recommends follow-up care with an emergency room or the patient's primary care physician, a primary care physician may also recommend follow up care with an emergency room and/or further follow-up care with him or herself.
 {¶ 62} Common to both types of physicians is the performing of physical examinations, recording observations and making referrals. In these respects, their duties are similar, if not the same. Unlike the majority, I find these activities involve common, basic practices of medicine, irrespective of the clinical setting in which they are performed. They are endemic to all medical practitioners. While Drs. Joyce's and Hines' lack of experience as urgent care physicians may impact the weight to be given their opinions, such does not equate to finding they lacked the requisite familiarity and knowledge concerning a physician's physical examination of a patient, recording observations and making referrals. Unlike the majority, I conclude there is an overlap between Drs. Joyce's and Dr. Hine's respective fields of medicine with Dr. Shelby's field of medicine; therefore, the trial court committed error in not considering their opinions on the standard of care.
[7] Maj. Op. at 10.